UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Evolutions Flooring, Inc., et al ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | Court No. 21-00591 |
| UNITED STATES, ) | |
| ) | |
| *Defendant.* ) | |

**COMPLAINT**

Plaintiffs, Evolutions Flooring, Inc., and Struxtur, Inc. (hereinafter "Plaintiffs"), importers of the subject merchandise, by and through their attorneys, hereby allege and state a cause of action as follows:

**PROCEEDING UNDER REVIEW**

1. This action seeks judicial review of certain aspects of the final results of the administrative review of the countervailing duty order on Multilayered Wood Flooring ("MLWF") from the People's Republic of China conducted by the United States Department of Commerce ("Commerce"). <u>Multilayered Wood Flooring From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2018</u>, 86 Fed. Reg. 59362 (Dep't Commerce Oct. 27, 2021) ("<u>Final Results</u>") as amended by Multilayered Wood Flooring From the People's Republic of China: Notice of Amended Final Results of Countervailing Duty Administrative Review; 2018, 86 Fed. Reg. 68219 (December 1, 2021) ("<u>Amended Final Results</u>"), and incorporating the Issues and Decision Memorandum for the Final Results of the 2018 Countervailing Duty Administrative Review of Multilayered Wood

Flooring from the People's Republic of China (October 20, 2021) ("Issues and Decisions Memo").

The review in question covers entries of MLWF for the period of January 1, 2018 through December 31, 2018. Plaintiffs bring this action to contest certain aspects of the Final Results issued by Commerce, which are not supported by substantial evidence and are otherwise not in accordance with law.

**JURISDICTION**

3.  Plaintiffs bring this action pursuant to section 516A of the Tariff Act of 1930, as amended (19 U.S.C. § 1516a(a)(2)(A)(i)(I), 19 U.S.C. § 1516a(a)(2)(B)(iii)), which provides that certain antidumping or countervailing duty orders on the record are reviewable by this Court.

4.  This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. § 1581(c), which provides jurisdiction over civil actions commenced under 19 U.S.C. § 1516a.

5.  The standard of review as set forth in section 516A(b)(1)(B)(i) of the Act, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings, or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

**STANDING OF PLAINTIFF**

6.  Plaintiffs are United States importers of multilayered wood flooring from China, subject to Commerce's Final Results challenged in this action. Therefore, Plaintiffs are an "interested party" within the meaning of 19 U.S.C. § 1516a(f)(3), 19 U.S.C. § 1677(9)(A), and 28 U.S.C. § 2631(k)(1).

7.  Plaintiffs also participated in the underlying administrative review that led to the determination that is being challenged herein.

8. In addition, because Commerce's <u>Final Results</u> overstated the countervailing duty rates that apply to Plaintiffs' imports, Plaintiffs have been adversely affected or aggrieve by agency action within the meaning of 5 U.S.C. § 702. Accordingly, Plaintiffs are "parties to the proceeding" and therefore have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

9. On October 27, 2021, Commerce published the <u>Final Results</u> in the <u>Federal Register</u>. Plaintiffs filed their Summons on November 23, 2021, within 30 days of said publication. Plaintiffs are filing this complaint currently on December 20, 2021, which is within the 30-day limit following the Summons.

10. Thus, Plaintiffs' Complaint is timely filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii) and USCIT Rule 3(a)(2).

## STATEMENT OF FACTS

11. Upon requests filed by interested parties, Commerce initiated the underlying administrative review on February 6, 2020. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 86 Fed. Reg. 6896 (February 6, 2020).

12. During the administrative review, mandatory respondent, Baroque Timber Industries (Zhongshan) Co. Ltd. ("Baroque Timber") and its cross-owned affiliates, Riverside Plywood Corp. ("Riverside Plywood"), filed comments with Commerce pointing out flaws in the Petitioner's proposed benchmark calculations for several inputs, and the application of adverse facts available ("AFA") with regards to certain programs.  Riverside Plywood Response to Petitioner's Pre-Preliminary Comments, dated April 12, 2021.

13. On April 23, 2021, Commerce published its <u>Preliminary Results</u>. See Multilayered Wood Flooring from the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, and Intent to Rescind Review, in Part; 2018, 86 Fed. Reg. 21693 (April 23, 2021) ("<u>Preliminary Results</u>").

14. Plaintiffs also submitted case briefs and rebuttal briefs prior to the issuance of the <u>Final Results</u>, whereby they adopted arguments of other parties, objecting to Commerce's calculation for the various input for less than adequate renumeration ("LTAR") programs, and application of AFA with regard to those LTAR and Export Buyer's Credit Program ("EBCP") programs. See e.g. Administrative Case Brief on behalf of Baroque Timber and Riverside Plywood, dated June 2, 2021.

15. On October 27, 2021, Commerce Published the <u>Final Results</u>. In the <u>Final Results</u>, Commerce continued to apply AFA in regards to the LTAR and EBCP programs. As a result of Commerce's decision to continue to use such calculations for inputs for LTAR programs, and its continued application of AFA for the LTAR and EBCP programs, despite the fact that respondents provided data to support a different finding. See <u>Final Results.</u>

16. On December 1, 2021, Commerce published Amended Final Results in which See <u>Amended Final Results</u>.

17. In the Final Results, Commerce assigned Riverside Plywood and its cross-owned affiliates a margin of 9.18 % and assigned Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. a margin of 6.13 %. Non-selected respondents subject to review, including Plaintiffs, were assigned a margin of 8.27 % based on the weighted average of the two mandatory respondents.

**STATEMENT OF CLAIMS**
**COUNT ONE**

18. Plaintiffs herein incorporate by reference paragraphs 1 through 17, supra of this complaint.

19. Commerce's calculations for the various inputs LTAR programs was not supported by substantial evidence and was otherwise not in accordance with law, and thus the CVD margin assigned to Plaintiffs and non-selected respondents is contrary to law.

## COUNT TWO

20. Plaintiffs herein incorporate by reference paragraphs 1 through 19 above.

21. Commerce's application of AFA with regard to the LTAR and EBCP programs was not supported by substantial evidence and was otherwise not in accordance with law, and thus the CVD margin assigned to Plaintiffs and non-selected respondents is contrary to law.

## COUNT THREE

22. Plaintiffs herein incorporate by reference paragraphs 1 through 21 above.

23. The margin assigned to non-selected respondents under review was not supported by substantial evidence and was otherwise not in accordance with law.

## REQUEST FOR RELIEF

WHEREFORE, and as challenged herein, Plaintiffs respectfully requests that the Court enter judgment against Defendant and award the following relief:

   a. Find that Commerce's actions described in Counts I, II, and III were unsupported by substantial evidence and otherwise not in accordance with the law;

   b. Order Commerce to recalculate the countervailing duty margins assigned to Plaintiffs and all companies eligible for a separate rate;

   c. Award attorney fees and costs; and

      d.  Provide such other relief as this court may deem just and appropriate.

Respectfully submitted,

        /s/ Gregory S. M<sup>c</sup>Cue
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 429-6421
*Counsel to Evolutions Flooring, Inc., and Struxtur, Inc.*

<u>December 20, 2021</u>