## UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE

|  |  |
|---|---|
| **EVOLUTIONS FLOORING, INC. ET AL.,** )<br><br>    **Plaintiffs, Consolidated Plaintiffs,** )<br>    **and Plaintiff-Intervenors,** )<br><br>    **v.** )<br><br>**UNITED STATES,** )<br><br>    **Defendant, and** )<br><br>**AMERICAN MANUFACTURERS OF**<br>**MULTILAYERED WOOD FLOORING** )<br><br>    **Defendant-Intervenor.** )<br>) | **Consol. Court No. 21-000591**<br><br>**Non-confidential Document** |

**COMMENTS SUPPORTING FINAL REMAND REDETERMINATION OF PLAINTIFF-INTERVENORS AND CONSOLIDATED PLAINTIFFS FINE FURNITURE (SHANGHAI) LIMITED AND DOUBLE F LIMITED**

Kristin H. Mowry
Sarah M. Wyss
MOWRY & GRIMSON, PLLC
5335 Wisconsin Ave., NW, Suite 810
Washington, DC 20015
202.688.3610 (ph)
202.595.8968 (fax)
trade@mowrygrimson.com

August 13, 2025

## TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY OF ARGUMENTS ................................................... 1

II.   STANDARD OF REVIEW ................................................................................................. 1

III.  ARGUMENT ...................................................................................................................... 2

  A.   COMMERCE'S REDETERMINATION THAT SENMAO DID NOT BENEFIT FROM
  THE EBCP IS SUPPORTED BY SUBSTANTIAL EVIDENCE ............................................. 2

  B.   COMMERCE'S CORRECTION FOR THE CALCULATION OF THE BENEFIT
  UNDER THE VENEERS FOR LTAR PROGRAM FOR RIVERSIDE IS SUPPORTED BY
  SUBSTANTIAL EVIDENCE .................................................................................................... 3

  C.   COMMERCE REVISION TO THE ASSIGNED SUBSIDY RATE FOR THE NON-
  SELECTED COMPANIES IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IN
  ACCORDANCE WITH LAW .................................................................................................... 4

CONCLUSION ................................................................................................................................ 4

# TABLE OF AUTHORITIES

**Cases**

Evolutions Flooring, Inc. & Struxtur, Inc. v. United States, 776 F. Supp. 3d 1271 (Ct. Int'l Trade 2025)................................................................................................................. 1, 2

Nippon Steel Corp. v. United States, 458 F.3d 1345 (Fed. Cir. 2006) ........................................ 2

Worldwide Door Components, Inc. v. United States, No. 19-00012, 2022 Ct. Intl. Trade LEXIS 142 (Dec. 16, 2022)................................................................................................... 1

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i)......................................................................................................... 1

**Regulations**

19 C.F.R. § 351.109 ........................................................................................................................ 4

## I.     INTRODUCTION AND SUMMARY OF ARGUMENTS

Plaintiff-Intervenors and Consolidated Plaintiffs Fine Furniture (Shanghai) Limited and Double F Limited (collectively, "Fine Furniture") submit these comments in support of the remand redetermination issued by the Department of Commerce ("Commerce"). Final Results of Redetermination Pursuant to Ct. Remand (July 8, 2025), Evolutions Flooring, Inc. & Struxtur, Inc. v. United States, 776 F. Supp. 3d 1271 (Ct. Int'l Trade 2025), ECF No. 95-1 ("Final Remand"). In its Final Remand, Commerce reevaluated its determination and properly determined that Jiangsu Senmao Bamboo Wood Industry Co., Ltd. ("Senmao") did not benefit from the Export Buyers Credit Program ("EBCP") because Commerce properly found that Senmao has provided certificates from all of its customers confirming non-use of the EBCP and the certificates are able to fill a gap on the record created by the Government of China ("GOC"). See id. at 13. Commerce also recalculated the benefit received by Riverside Plywood Corp., ("Riverside") under the veneers for less than adequate remuneration ("LTAR") program and Commerce's recalculation of the benefit for the veneers for LTAR program is supported by substantial evidence. See id. Finally, Commerce properly recalculated the assigned subsidy rate to the non-selected companies that are parties to the litigation based on the revised rates assigned to Senmao and Riverside. See id. at 14.

## II.     STANDARD OF REVIEW

The Court reviews remand redeterminations for compliance with its remand order. See Worldwide Door Components, Inc. v. United States, No. 19-00012, 2022 Ct. Intl. Trade LEXIS 142 (Dec. 16, 2022) (sustaining the agency's determination upon remand because it was supported by substantial evidence). The Court must uphold an agency determination so long as it is supported by substantial evidence or otherwise in accordance with law. See 19 U.S.C. § 1516a(b)(1)(B)(i). In holding that Commerce's determination was supported by substantial evidence, the Court must

consider the record as a whole including that which fairly detracts from its weight to determine whether there exists such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Nippon Steel Corp. v. United States, 458 F.3d 1345, 1351 (Fed. Cir. 2006) (internal citations and quotation marks omitted).

## III.    ARGUMENT

Commerce's Final Remand complied with the Court's remand instructions and is supported by substantial evidence and otherwise in accordance with law.  For the reasons explained below, the Court must sustain Commerce's Final Remand.

### A. COMMERCE'S REDETERMINATION THAT SENMAO DID NOT BENEFIT FROM THE EBCP IS SUPPORTED BY SUBSTANTIAL EVIDENCE

In its Final Remand, Commerce reevaluated its determination and ultimately found that Senmao did not benefit from the EBCP during the period of review because "Senmao provided declarations from all of its U.S. customers that they did not use or benefit from the EBCP during the POR."  Final Remand at 10.  Commerce also found that the non-use certificates were able to fill the gap created by the GOC's failure to provide certain revisions to the relevant laws and a list of all partner and correspondent banks involved in the disbursement of funds under the EBCP.  See id.  As a result, Commerce removed the EBCP subsidy rate and recalculated Senmao's total ad valorem subsidy rate to 5.29 percent.  See id. at 15.  Thus, pursuant to the Court's opinion and remand order, Commerce's redetermination is proper in finding non-use where a respondent has provided certificates from all of its customers confirming non-use of the EBCP.  See Evolutions Flooring, Inc. & Struxtur, Inc. v. United States, 776 F. Supp. 3d 1271 (Ct. Int'l Trade 2025).

**B. COMMERCE'S CORRECTION FOR THE CALCULATION OF THE BENEFIT UNDER THE VENEERS FOR LTAR PROGRAM FOR RIVERSIDE IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

In the Final Remand, Commerce corrected an inadvertent error with respect to the calculation of the benefit received by Riverside under the veneers for less than adequate remuneration ("LTAR") program from its cross-owned affiliates Baroque Timber Industries (Zhongshan) Co., Ltd. ("Baroque"). <u>See</u> Final Remand at 10-11. Specifically, Commerce made corrections to the AUV calculation of Baroque's backboard veneer purchases from using the invoice value and the warehouse-in slip quantity to using the invoice quantity and value. <u>See id.</u> at 10. In its reasoning, Commerce explained that it found that "it is possible to calculate the AUVs of Baroque's reported backboard purchases using the invoice quantity and value, and relying on the corresponding warehouse-in slips for these purchases only to determine the wood species (which determines the density conversion factor used)." <u>Id.</u> at 11. Commerce also found that such explanation is consistent with Riverside's explanation in its administrative case brief "that it is unnecessary to calculate the AUVs of Baroque Timber's backboard purchases on a batch basis, as Commerce did for Baroque Timber's purchases of fiberboard and face veneer, because the cubic meter quantity is indicated on each invoice of Baroque Timber's reported backboard purchases." <u>Id.</u> at 11. As a result, Commerce corrected the subsidy rate assigned to Baroque "in a revised rate of 1.38 percent ad valorem for the provision of veneers for LTAR program for Riverside Plywood, and an overall countervailable subsidy rate for Riverside of 9.02 percent." <u>Id.</u> at 11.

Commerce's redetermination is, therefore, proper and supported by substantial evidence on the record because it corrected an inadvertent error for the calculation of benefit under the veneers for LTAR program assigned to Riverside.

3

C.  **COMMERCE REVISION TO THE ASSIGNED SUBSIDY RATE FOR THE NON-SELECTED COMPANIES IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IN ACCORDANCE WITH LAW**

Due to the changes of the subsidy rates assigned to Senmao and Riverside, Commerce revised "the rate assigned to the non-selected companies under review that were party to the litigation to 7.91 percent." Id. at 15.  Commerce's revision to the subsidy rate assigned to the non-selected companies is supported by substantial evidence and in accordance with law pursuant to Commerce's regulations.  See 19 C.F.R. § 351.109(f)(1)(ii) (2024) ("For a countervailing duty proceeding, the all-others rate will normally equal the weighted average of the countervailable subsidy rates established for the individually investigated exporters and producers, excluding any zero and de minimis countervailable subsidy rates").

## CONCLUSION

For the foregoing reasons, the Court should find that Commerce's Final Remand is supported by substantial evidence and otherwise in accordance with law.  Fine Furniture requests the Court to sustain Commerce's Final Remand.

Respectfully submitted,

Dated: August 13, 2025

/s/ Kristin H. Mowry
Kristin H. Mowry
Sarah M. Wyss
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW, Suite 810
Washington, D.C. 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to Fine Furniture (Shanghai) Limited and Double F Limited*

4

## CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Kristin H. Mowry, hereby certify that this brief complies with the word limitation set forth in Paragraph 2(b) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for these comments is 1,034 words.


Dated: August 13, 2025                    /s/ Kristin H. Mowry
                                          Kristin H. Mowry
                                          Sarah M. Wyss
                                          Mowry & Grimson, PLLC
                                          5335 Wisconsin Avenue, NW, Suite 810
                                          Washington, D.C. 20015
                                          202-688-3610
                                          trade@mowrygrimson.com
                                          *Counsel to Fine Furniture (Shanghai) Limited and Double F Limited*