IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

_____
|                                                                  |  )  |
| **EVOLUTIONS FLOORING, INC.,** *et al.*, | )  |
|                                                                  | )  |
| **Plaintiffs,**                                        | )  |
|                                                                  | )  |
| and                                                          | )  |
|                                                                  | )  |
| **DUNHUA CITY JISEN WOOD INDUSTRY CO., LTD.,** *et al.*, | )  |
|                                                                  | )  |
| **Consolidated Plaintiffs,**                 | )  |
|                                                                  | )  |
| v.                                                             | )  Consol. Court No. 21-00591 |
|                                                                  | )  |
| **UNITED STATES,**                            | )  |
|                                                                  | )  |
| **Defendant,**                                     | )  |
|                                                                  | )  |
| and                                                          | )  |
|                                                                  | )  |
| **AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING,** | )  |
|                                                                  | )  |
| **Defendant-Intervenor.**                  | )  |
_____)

**DEFENDANT'S RESPONSE TO FINE FURNITURE'S COMMENTS SUPPORTING COMMERCE'S REMAND REDETERMINATION**

Defendant, the United States, respectfully responds to the comments of plaintiff-intervenors and consolidated plaintiffs, Fine Furniture (Shanghai) Limited and Double F Limited (collectively, Fine Furniture), ECF No. 100 (Fine Furniture Comments), concerning the Department of Commerce's July 9, 2025 remand results in this matter. *See* Final Results of Redetermination Pursuant to Court Remand, ECF No. 95-1 (Remand Results). We respectfully request that the Court sustain the remand results because they comply with the Court's remand order, are supported by substantial evidence, and are otherwise lawful.

**BACKGROUND**

I .   <u>The Court's March 27, 2025 Remand Order</u>

This case concerns Commerce's final results in the 2018 administrative review of the countervailing duty order covering multilayered wood flooring from the People's Republic of China, for the period of review from January 1, 2018, to December 31, 2018.  *See Multilayered Wood Flooring from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review;2018*, 86 Fed. Reg. 59,362 (Oct. 27, 2021), and accompanying Issues and Decision Memorandum (IDM).

On March 27, 2025, the Court sustained-in-part and remanded-in-part Commerce's final results of the administrative review.  *See Evolutions Flooring, Inc. & Struxtur, Inc. v. United States*, 776 F. Supp. 3d 1271 (Ct. Int'l Trade 2025) (Remand Order).

The Court remanded this matter to Commerce to address two issues.  First, the Court remanded for Commerce "to further evaluate whether there is sufficient information available or that could be requested that may be sufficient to fill the gap of missing record information to verify claims of non-use on behalf of {Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. (Senmao)}."  *Evolutions Flooring*, 776 F. Supp. 3d at 1288.  Second, the Court remanded to Commerce to correct an inadvertent error in its calculation of average unit values of purchases of backboard veneer by Baroque Timber Industries (Zhongshan) Co., Ltd. (Baroque Timber).  *Id.* at 1289.

II.   <u>Commerce's Remand Results</u>

In the remand results, Commerce found the non-use certificates provided for Senmao's U.S. customers were sufficient to fill the gap created by the Government of China (GOC)'s non-cooperation.  *See* Remand Results at 10.  Based on this gap-filling information, Commerce

concluded that Senmao did not use or benefit from the Export Buyer's Credit Program. *Id*. Commerce also revised its average unit value calculations for Baroque Timber's backboard veneer purchases by using the quantity and value of each reported invoice rather than by directly linking warehouse in-slips and invoices or on a batch basis. *Id*. at 11-12. Accordingly, Commerce revised the subsidy rates attributable to Senmao, Baroque, and the non-selected companies under review to 5.29 percent, 9.02 percent, and 7.91 percent respectively. *Id*. at 15.

## ARGUMENT

### I. Standard Of Review

This Court's review of remand determinations in antidumping and countervailing duty proceedings applies the same standard of review as the one applied when reviewing the original determination. *See* 19 U.S.C. § 1516a(b)(1)(B)(i)). Thus, in remand proceedings, the Court will sustain Commerce's determination if it is "in accordance with the remand order," and is "supported by substantial evidence and otherwise in accordance with law." *MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

### II. This Court Should Sustain Commerce's Remand Results

On remand, Commerce complied with the Court's remand order by further evaluating whether there was information available sufficient to fill the gap of missing record information regarding Senmao's claims of non-use. Remand Results at 9-10. Commerce rationally determined that non-use certificates from all of Senmao's U.S. customers were sufficient to find non-use of the Export Buyer's Credit Program. *Id*.

Further, consistent with this Court's remand order, Commerce corrected the inadvertent error in the calculation of the average unit values of Baroque Timber's backboard veneer

3

purchases on remand.  *Id*. at 10-12.  As a result of this correction, Commerce's subsidy rate determinations are no longer in error and are supported by substantial evidence.

Before Commerce, no party submitted comments opposing the draft remand results.  No party submitted comments opposing the remand results in this Court.  Accordingly, any objections to Commerce's remand results, to the extent any exist, have been forfeited.  *See Bozeman Fin. LLC v. Fed. Rsrv. Bank of Atlanta*, 955 F.3d 971, 974 (Fed. Cir. 2020) (arguments not raised before an administrative body or not raised in an opening brief are forfeited).  The only comments on Commerce's remand determination submitted in this Court, those by Fine Furniture, agree that Commerce's remand determination "complied with the Court's remand instructions and is supported by substantial evidence and otherwise in accordance with law." *See* Fine Furniture Comments at 2.  Because the results are uncontested and there are no further issues for the court to adjudicate, we respectfully submit that entry of judgment is appropriate.  *See Fusong Jinlong Wooden Grp. Co. v. United States*, 732 F. Supp. 3d 1333, 1339 (Ct. Int'l Trade 2024).

## **CONCLUSION**

For these reasons, we respectfully request that the Court sustain Commerce's remand results and enter judgment for the United States.

                    Respectfully submitted,

                    BRETT A. SHUMATE
                    Assistant Attorney General

                    PATRICIA M. MCCARTHY
                    Director

                    s/ Tara K. Hogan
                    TARA K. HOGAN
                    Assistant Director

| OF COUNSEL: | s/ Brendan D. Jordan |
|---|---|
| JONZACHARY FORBES | BRENDAN D. JORDAN |
| Attorney | Trial Attorney |
| U.S. Department of Commerce | U.S. Department of Justice |
| Office of the Chief Counsel For Trade | Civil Division |
| Enforcement and Compliance | Commercial Litigation Branch |
| 1401 Constitution Avenue, NW | P.O. Box 480 |
| Washington, D.C. 20230 | Ben Franklin Station |
| Tel: (202) 779-0204 | Washington D.C. 20044 |
| Email: JonZachary.Forbes@trade.gov | Tel: (202) 616-0342 |
| | Email: Brendan.D.Jordan@usdoj.gov |
| August 27, 2025 | Attorneys for Defendant |